IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                      Plaintiff,                               ORDER

                  v.                                        99-cr-03-bbc

TIMOTHY L. STEWART,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Timothy L. Stewart's supervised release was held on September 15, 2009, before United States District Judge Barbara B. Crabb.  The government appeared by Assistant United States Attorney Stephen P. Sinnott.  Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman.  Also present was United States Probation Officer Michael J. Nolan.

      From the record and the parties' stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on June 2, 1999, following his conviction for possession with intent to distribute a Schedule II controlled substance, crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  This offense is a Class B felony.  He was committed to the custody of the Bureau of Prisons to serve a term of

imprisonment of 146 months, with a 60-month term of supervised release to follow.

Defendant's original sentence was amended on February 25, 2008, pursuant to 18 U.S.C. § 3582(c)(2). Defendant's term of imprisonment was reduced from 146 months to time served, effective March 3, 2008, but stayed for ten days thereafter.

Defendant began his term of supervised release on September 17, 2008. On February 17, 2009, he violated a mandatory condition prohibiting him from committing another federal, state, or local crime, when he committed the offense of disorderly conduct (case no. 2009CM000489 in the Circuit Court for Dane County), which resulted in his conviction on April 29, 2009.

Defendant's conduct falls into the category of a Grade C violation. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 60-month term of supervised release imposed on defendant on June 2, 2009, will be revoked.

Defendant's criminal history category is V. With a Grade C violation and a criminal history category of V, defendant has an advisory guideline term of imprisonment of 7 to 13 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the

offense for which defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the low end of the advisory guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on June 2, 1999, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of two months with credit for any federal time served. A 36-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect, with the exception of Special Condition No. 4 requiring a residential re-entry center placement. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Defendant is neither a flight risk nor a danger to the community. Accordingly, execution of the sentence is stayed until October 22, 2009, between the hours of noon and 2 p.m., when defendant is to report to an institution to be designated by further court order. The conditions of release imposed previously by the United States Magistrate Judge remain

in effect until defendant has reported.

      Entered this 22d day of September 2009

                              BY THE COURT:
                              /s/

                              BARBARA B. CRABB

                              Chief U.S. District Judge