IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,　　　　　　　　　　　　　ORDER

        v.　　　　　　　　　　　　　　　　　　99-cr-3-bbc-01

TIMOTHY L. STEWART,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Timothy L. Stewart's supervised release was held on July 22, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Acting United States Attorney Stephen P. Sinnott. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was United States Probation Officer Michael J. Nolan.

      From the record and the parties' stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on June 2, 1999, following his conviction for possession with intent to distribute a Schedule II controlled substance, crack cocaine, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 146 months, with a 60-month term of supervised release to follow.

Defendant's original sentence was amended on February 25, 2008, pursuant to 18 U.S.C. § 3582(c)(2).  Defendant's term of imprisonment was reduced from 146 months to time served, effective March 3, 2008, but stayed for ten days thereafter.

Defendant began his first term of supervised release on September 17, 2008.  On September 22, 2009, this term of supervised release was revoked after defendant was convicted of disorderly conduct. Defendant's revocation sentence included two months' imprisonment and 36 months' supervised release to follow.

Defendant began his second term of supervised release on October 22, 2009.  In December 2009, defendant violated Special Condition No. 5, prohibiting him from contact with Kristen L. Alderson, when he used a computer message to threaten to harm Ms. Alderson.  This resulted in his December 29, 2009 arrest and charge for computer message-threaten/injury or harm and bail jumping (Circuit Court for Dane County Case No. 2010CM000797). These state charges have been dismissed on a motion from the prosecutor.

Defendant violated Special Condition No. 2, requiring him to abstain from illegal drug use, sales and associations and participate in substance abuse counseling and testing as directed, as evidenced by his January 12, 2010 urine specimen that tested positive for cocaine, and his April 29, 2010 failure to report for a urinalysis and breath test.

Defendant violated Standard Condition No. 2, which requires that he submit a truthful and complete written report within the first five days of each month, when he failed to submit reports in February, March, April and May 2010.  Defendant violated Standard

Condition No. 3, which requires him to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, when he failed to report to the Janesville Police Department as instructed on May 27, 2010.

Defendant's conduct falls into the category of Grade C violations. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on September 22, 2009, will be revoked.

Defendant's criminal history category is V. With a Grade C violation, defendant has an advisory guideline range of imprisonment of 7 to 13 months. Pursuant to 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced is two years and ten months if supervised release is revoked, because the original offense of conviction is a Class B felony and defendant was previously sentenced to a term of two months' custody following his previous revocation.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the high end of the advisory guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on September 22, 2009, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 13 months with credit for time served and no supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 22d day of July 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
Chief U.S. District Judge